IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No.   07-cv-00474-WDM-KLM

WILLIAM TRUJILLO, et al.,

    Plaintiff(s),

v.

HUERFANO COUNTY BOARD OF COUNTY COMMISSIONERS, et al.,

    Defendant(s).
_____

**ORDER RE TAXATION OF COSTS**
_____

    Defendants move, pursuant to Fed. R. Civ. P. 54(d)(1), for the review of the Clerk's taxation of costs.  In particular, Defendants object to the Clerk's failure to assess costs for the deposition of three individuals, Bounds ($268.75), Sporcich ($201.60), and Archuleta ($145.00), totaling $615.35.  Defendants assert entitlement to these costs as depositions "necessarily obtained for use in the case" pursuant to 28 U.S.C. § 1920(2) because they were employees of Defendants, the depositions were actually noticed by the Plaintiffs and used by the Plaintiffs in response to the Defendants' motion for summary judgment.  I also note that the Defendants used an affidavit of Archuleta in lieu of specific reference to the deposition.

    Plaintiffs disagree and argue that the failure to use the depositions in the motion for summary judgment and the listing of these witnesses as "may call" for trial demonstrates they were not necessarily obtained.  Awarding these deposition costs is a

PDF FINAL

matter of my discretion and the standard under § 1920 is well-established: deposition costs for depositions reasonably necessary to the litigation of the case should be awarded. *Mitchell v. City of Moore*, 218 F.3d 1190, 2004 (10th Cir. 2000). Depositions need not have been a part of a successful dispositive motion such as the motion for summary judgment in this case. *Callicrate v. Farmland Industries, Inc.*, 139 F.3d 1336, 1340-41 (10th Cir. 1998). Particularly when the depositions were of employees of the Defendants, it is entirely appropriate to obtain copies, particularly when it was the Plaintiffs who took the depositions. One may also reasonably infer that the depositions were necessarily obtained given the fact that Plaintiffs not only "requested and took these depositions," they also "felt they were necessary enough to the litigation to include" the deposition transcripts in their response to summary judgment motion. *Mitchell*, 218 F.3d at 1204.

Under these circumstances I conclude that the expense of these depositions was reasonably necessary.

Accordingly, it is ordered that the Clerk's award of costs recoverable be amended to include the $615.35, resulting in a total of $3,415.37 as costs recoverable by the Defendants from the Plaintiffs.

DATED at Denver, Colorado on August 28, 2009

                                        BY THE COURT:

                                        s/ Walker D. Miller
                                        United States District Judge